FILED
CLERK
1/23/2025 3:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SCOTTSDALE INSURANCE CO.,

                                        Plaintiff,

   -against-

EMPIRE STATE MEDI-CAB, INC., FOREST MANOR
CARE CENTER, INC. d/b/a GLEN COVE CENTER FOR
NURSING & REHABILITATION, KNICKERBOCKER
DIALYSIS, INC. d/b/a PORT WASHINGTON DIALYSIS
CENTER, HOWARD SIERS, as Executrix of the estate of
DAVID SIERS,

                                       Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

Civil Action
No. 23-3494 (GRB) (ARL)

**GARY R. BROWN, United States District Judge**:

        Plaintiff Scottsdale Insurance Company commenced this action seeking a declaratory judgment, pursuant to 28 U.S.C. §§ 2201-2202, that it owes no further duty to defend or indemnify defendant Empire State Medi-Cab Inc. ("Empire State") under the terms of a commercial general liability insurance policy. Complaint, Docket Entry ("DE") 1 ¶ 1. By extension, plaintiff seeks a declaration that the remaining parties, Forest Manor Care Center, Inc. d/b/a Glen Cove Center for Nursing & Rehabilitation ("Glen Cove"), Knickerbocker Dialysis, Inc., d/b/a Port Washington Dialysis Center ("Port Washington"), and Howard Siers, as Executor of the Estate of David Siers ("Siers") have no rights as against plaintiff.[1] *Id.* ¶ 8. Presently before the Court is plaintiff's motion for (i) default judgment against Empire State and (ii)

---

[1] Plaintiff included these three defendants in this action because they have "asserted claims against Empire State, and thus have a potential interest in the judgment sought herein." DE 1 ¶ 8.

1

summary judgment against the remaining defendants. *See* DE 38. Discovery is complete. DE 36. For the reasons stated herein, both motions are GRANTED.

### *Factual Background*

This declaratory judgment action arises out of an action brought by Siers in the Supreme Court of the State of New York, Queens County ("state court action") on April 27, 2014, asserting claims for negligence and wrongful death. *See* DE 1-2. Siers alleges that the decedent suffered bodily injuries, and ultimately died, due to an accident that occurred while being transported from Glen Cove to Port Washington. *See id.* ¶ 22.

Empire State is in the business of "transporting nursing home residents to and from medical care facilities for scheduled appointments." *Id.* ¶ 10. On the day of the accident, Empire State "transported [the decedent] from Glen Cove … to Port Washington … for treatment." DE 38-12 at 3. At Port Washington, a nurse "touched [the decedent's] legs and he screamed." *Id.* "Subsequently he was taken to [a hospital], where he was diagnosed as having pelvic and bilateral acetabular fractures." *Id.* He died nearly four months later. *Id.*

On July 23, 2024, the judge in the state court action denied summary judgment motions from Empire State, Glen Cove, and Port Washington, finding that there were triable issues of fact regarding each party's liability. *Id.* at 7. In finding that Empire State could not disprove liability at summary judgment, the state judge observed that (i) statements from the decedent to Siers that the decedent fell at Glen Cove were hearsay, (ii) a Glen Cove employee testified during deposition that the decedent appeared in good condition before being transported by Empire State, and (iii) the hospital's discharge report stated that the decedent could not recall where he sustained the injury. *Id.* at 3-4.

While not a named defendant in the state court action, plaintiff issued a commercial general liability insurance policy to Empire State that covers the period when the accident occurred. *See* DE 38-8. The policy contains two exclusions relevant to this motion. The first exclusion ("auto exclusion") states that the policy does not require plaintiff to defend or indemnify Empire State for "'[b]odily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any … 'auto' … owned or operated by or rented or loaned to any insured." *Id.*

The policy also contains a section ("bodily injury exclusion") that states that the insurance does not cover:

1. "bodily injury" which occurs while "occupying" an "auto," or

2. "bodily injury" to any person being transported or assisted by you, your employees, or your subcontractors:

    a. From the place where they are accepted for movement into an "auto," or

    b. From an "auto" to the place where they are finally delivered.

*Id.*

Plaintiff commenced this action on May 9, 2023, seeking a declaratory judgment that it had no further obligation to defend or indemnify Empire State in the state court action. DE 1 ¶ 1. Plaintiff seeks a default judgment against Empire State, which has failed to answer in this action. DE 38 at 6. The Court has issued a certificate of default. DE 26. Plaintiff seeks summary judgment against the remaining defendants, arguing that based upon the auto exclusion and the bodily injury exclusion, the policy does not require plaintiff to defend and indemnify Empire State in the state court action. *Id.*

***Discussion***

*Declaratory Judgment*

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[A] court may exercise its discretion to issue a declaratory judgment, but only in cases where the party seeking the declaratory judgment can demonstrate the existence of an actual case or controversy." *Gov't Emps. Ins. Co. v. Infinity Health Prods., Ltd.*, No. 10-CV-5611 (JG)(JMA), 2012 WL 1427796, at *4 (E.D.N.Y. Apr. 6, 2012), *adopted*, 2012 WL 1432213 (E.D.N.Y. Apr. 25, 2012). The relevant inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "Declaratory relief is appropriate (i) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (ii) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings." *Gov't Emps. Ins. Co. v. Jacques*, 14-CV-5299 (KAM)(VMS), 2017 WL 9487191, at *9 (E.D.N.Y. Feb. 13, 2017) (internal quotation marks and citation omitted), *adopted*, 2017 WL 1214460 (E.D.N.Y. Mar. 31, 2017).

Here, declaratory relief is appropriate. The state court action presents the requisite case or controversy because Empire State could attempt to collect from plaintiff if found liable. *See Am. Eur. Ins. Co. v. Tirado Iron Works & Fence, Inc.*, No. 19-CV-

4

6851 (EK)(RLM), 2021 WL 7830143, at *5 (E.D.N.Y. Oct. 20, 2021) (finding that a plaintiff seeking a declaration that it had no obligation to defend or indemnify any party in an action pending in New York state court was entitled to a declaratory judgment). Given the fact that the state court action appears headed to trial, declaratory relief here could relieve plaintiff "from the uncertainty" of potentially having to defend and indemnify Empire State. *Jacques*, 2017 WL 9487191, at *9.

  *Default Judgment*

  After the Clerk of the Court enters a certificate of default, the district court may, on a plaintiff's application, enter a default judgment if a defendant "has failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55. Upon default, all well-pleaded allegations in the complaint are deemed true. *See Finkel v. Romanowicz*, 577 F. 3d 79, 84 (2d Cir. 2009). "Courts have discretion to award declaratory relief in connection with a default judgment motion." *Tirado Iron Works*, 2021 WL 7830143, at *5 (quoting *Scottsdale Ins. Co. v. Top Grade Excavating N.Y. Inc.*, No. 20-CV-3510 (ENV)(VMS), 2021 WL 7908042, at *5 (E.D.N.Y. Aug. 13, 2021)). "In determining damages, including declaratory relief, courts may evaluate the affidavits and documentary evidence submitted by the plaintiff or conduct an evidentiary hearing." *Scottsdale Ins. Co.*, 2021 WL 7908042, at *6.

  Under New York law, "[a]n insurer cannot be obligated to defend if there is no legal or factual allegation in the underlying complaint for which the insurer might eventually have to indemnify the insured." *Commercial Union Assurance Co., PLC v. Oak Park Marina, Inc.*, 198 F.3d 55, 59 (2d Cir. 1999). "To negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and

unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case." *Continental Cas. Co. v. Rapid-American Corp.*, 593 N.Y.S.2d 966, 972 (1993) (citations omitted).

Here, the Clerk of the Court has entered a certificate of default. DE 38-4. The evidence in the record supports plaintiff's well-pleaded complaint and establishes that plaintiff is entitled to a default judgment against Empire State. If the decedent's injury occurred when Empire State transported him from Glen Cove to Port Washington, the auto exclusion applies. DE 1 ¶ 13; DE 38-8. If the injury did not occur during transport, the bodily injury exclusion, which excludes coverage for any injuries sustained as a result of "being transported or assisted" by Empire State employees or subcontractors, applies. DE 1 ¶ 14; DE 38-8. In short, if Empire State is found liable, one or both exclusions apply. In light of plaintiff's complaint, the evidentiary record, Empire State's failure to respond, and the certificate of default, the Court grants plaintiff's motion for a default judgment against Empire State.

*Summary Judgment*

Motions for summary judgment are decided under the oft-repeated and well understood standard for review of such matters as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom. Bartels v. Schwarz*, 643 Fed. App'x. 54 (2d Cir. 2016), which discussion is incorporated by reference herein. "In New York State, an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." *Vill. of Sylvan Beach, N.Y. v. Travelers Indem. Co.*, 55 F.3d 114, 115 (2d Cir. 1995). "If the provisions are clear and unambiguous, courts are to enforce them as written." *Id.*

6

Here, the insurance policy unambiguously excludes from coverage the decedent's injuries. The auto exception proves that the policy does not cover injuries sustained while Empire State transported the decedent. DE 38-8. While Siers argues that it is possible that the decedent fell at Glen Cove "*prior* to being transported by Empire State, but while in the presence of [an] Empire State employee," DE 39 at 3, this argument ignores the language of the policy, which excludes coverage for a bodily injury occurring to "any person being transported or *assisted* by you, your employees, or your subcontractors." DE 38-8 (emphasis added). Even if Siers could prove that Empire State was liable for an injury that occurred at a time other than during the transport of the decedent, the bodily injury exception indicates that the policy does not cover an injury in which an Empire State employee or subcontractor "assisted" the decedent. *Id.*

Regardless of whether Empire State's alleged negligence occurred while "transport[ing]" or merely "assist[ing]" the decedent, the policy does not require plaintiff to defend or indemnify Empire State in the state court action. DE 38-8. Therefore, summary judgment against the remaining defendants is warranted.

### *Conclusion*

For the reasons set forth herein, plaintiff's motions for default judgment against Empire State and summary judgment against the remaining defendants are granted. All defendants shall be bound by this judgment.

**SO ORDERED.**

Dated: Central Islip, New York
January 23, 2025

/s/ Gary R. Brown

GARY R. BROWN

United States District Judge